**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

THOMAS STRAMIELLO,              :
                                :   Civil Action No. 05-2491 (WJM)
          Petitioner,           :
                                :
     v.                         :   **OPINION**
                                :
DR. R. DAVID PARRISH,           :
                                :
          Respondent.           :

**APPEARANCES:**

| | |
|---|---|
| Petitioner <u>pro se</u> | Counsel for Respondents |
| Thomas Stramiello | Steven E. Braun, Esquire |
| Riverfront State Prison | Ofc. of Passaic Co. Prosecutor |
| P.O. Box 9104 | 401 Grand Street |
| Camden, NJ 08101 | Paterson, NJ 07505-2095 |

**MARTINI**, District Judge

Petitioner Thomas Stramiello, a prisoner currently confined at Riverfront State Prison, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent is Acting Administrator Dr. R. David Parrish.

For the reasons stated herein, the Petition must be dismissed with prejudice.

## I.  BACKGROUND

On October 26, 1992, Petitioner was convicted in the Superior Court of New Jersey, Law Division, Passaic County of sexual assault and related charges. Petitioner was sentenced to

a term of imprisonment of 25 years, with a parole disqualifier of 12 and one-half years. The Superior Court, Appellate Division affirmed his conviction on January 25, 1995. The Supreme Court of New Jersey denied certification on May 1, 1995.

On September 1, 1997, Petitioner filed his first state court motion for post-conviction relief. The trial court denied relief on February 17, 1998. The Appellate Division affirmed in December 2004, and the Supreme Court of New Jersey denied certification on March 1, 2005. See State v. Stramiello, 183 N.J. 213 (N.J. 2005).

Petitioner then filed this Petition, which was placed into the prison mail system on May 5, 2005.

## II.   28 U.S.C. § 2254

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

2

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ... or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Thus, evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

Where a conviction became final prior to April 24, 1996, the effective date of § 2244(d), a state prisoner has a one-year grace period after that effective date to file a § 2254 petition. Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

3

The statute of limitations set out in § 2241(d)(1) must be applied on a claim-by-claim basis.  Fielder v. Varner, 379 F.3d 113, 118 (3d Cir. 2004), cert. denied, 543 U.S. 1067 (2005).

An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled from the time it is "properly filed," during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 122 S.Ct. 2134 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24.  However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)."  Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 122 S.Ct. 364 (2001).

The limitations period of § 2244(d) is also subject to equitable tolling.  Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 122 S.Ct. 323 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).  Equitable tolling applies

> only when the principles of equity would make the rigid application of a limitation period unfair.  Generally,

4

>       this will occur when the petitioner has in some
>       extraordinary way been prevented from asserting his or
>       her rights.  The petitioner must show that he or she
>       exercised reasonable diligence in investigating and
>       bringing [the] claims.  Mere excusable neglect is not
>       sufficient.

Miller, 145 F.3d at 618-19 (citations omitted).  Among other things, the Court of Appeals for the Third Circuit has held that equitable tolling may be appropriate "if the plaintiff has timely asserted his rights mistakenly in the wrong forum," i.e., if a petitioner has filed a timely but unexhausted federal habeas petition.  Jones, 195 F.3d at 159.  See also Duncan v. Walker, 533 U.S. 167, 183 (2001) (Stevens, J., joined by Souter, J., concurring in part) ("neither the Court's narrow holding [that the limitations period is not statutorily tolled during the pendency of a premature federal habeas petition], nor anything in the text or legislative history of AEDPA, precludes a federal court from deeming the limitations period tolled for such a petition as a matter of equity"); 533 U.S. at 192 (Breyer, J., dissenting, joined by Ginsburg, J.) (characterizing Justice Stevens's suggestion as "sound").

     Finally, "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court."  Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1999) (citing Houston v. Lack, 487 U.S. 266 (1988)).

5

III.   ANALYSIS

A.   Jury Instructions and Assistance of Counsel

Petitioner's claims that he received ineffective assistance of trial counsel and that the trial court issued incorrect jury instructions arise out of facts known at the time of trial. Thus, the timeliness of these claims must be assessed under § 2244(d)(1)(A).

Petitioner's conviction became final before April 24, 1996, meaning that he had one year from that date to file a federal habeas petition, unless the limitations period was otherwise tolled.  Petitioner has alleged no facts that would suggest a basis for either statutory or equitable tolling.  The filing of a state motion for post-conviction relief after the expiration of the limitations period cannot act to toll or resurrect a limitations period that has already expired, as occurred here. Accordingly, these claims are untimely under § 2244(d)(1)(A).

B.   Recantation of Identification Testimony

Petitioner claims that the only eyewitness recanted her identification testimony sometime after trial, possibly sometime after the conviction became final within the meaning of § 2244. The Court construes this as a claim based upon newly discovered evidence, the timeliness of which is governed by § 2244(d)(1)(D).

In a habeas claim based on newly discovered evidence, "the one-year period of limitation commences under 28 U.S.C.

6

§ 2244(d)(1)(D) when the factual predicate of a claim could have been discovered through the exercise of due diligence, not when it actually was discovered." Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004) (citations omitted).  Due diligence does not require "'the maximum feasible diligence,' but it does require reasonable diligence in the circumstances." Id.

The parties have not advised the Court when the witness recanted her testimony or any other facts surrounding the recantation.  This Court need not determine the timeliness of this claim, however.  "It has long been recognized that '[c]laims of actual innocence based on newly discovered evidence' are never grounds for 'federal habeas relief absent an independent constitutional violation.'" Fielder, 379 F.3d at 122 (quoting Herrera v. Collins, 506 U.S. 390, 400 (1993)).  Thus, this newly-discovered evidence claim must be dismissed because it is not cognizable under the federal habeas statute.

IV.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree

7

with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, no certificate of appealability shall issue.

## V.   CONCLUSION

For the reasons set forth above, the Petition must be dismissed with prejudice. An appropriate order follows.

                                        s/William J. Martini

                                        William J. Martini
                                        United States District Judge

Dated: 3/22/06